89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dwayne A. BRUNS, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-2014.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1996.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges; MATIA, District Judge.*
 
 ORDER
 
 2
 Dwayne A. Bruns, through counsel, appeals a district court judgment affirming the Secretary's denial of his application for disability insurance benefits (DIB). 42 U.S.C. § 405(g). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Bruns filed his application for DIB on January 24, 1992. Bruns alleged that, since 1991, he has been unable to work because of his neck and back pain, his diabetic condition, and his depression. After a hearing was held, the Administrative Law Judge (ALJ) concluded that: (1) Bruns is unable to perform his past relevant work; (2) Bruns has the residual functional capacity (RFC) to perform less than the full range of sedentary work, considering the claimant's non-exertional limitations; and (3) Bruns is not disabled under the Act, because he can perform a significant number of jobs in the national economy. Accordingly, the ALJ denied Bruns's application for benefits, and the Appeals Council denied Bruns's request for review of this decision.
 
 
 4
 Bruns filed a complaint in federal district court on May 26, 1994. A magistrate judge recommended affirming the Secretary's decision to deny benefits, and the district court adopted this recommendation. On appeal, Bruns presents the following issues for consideration: (1) whether the ALJ failed to properly assess and evaluate Bruns's allegedly severe non-exertional mental impairment; (2) whether the ALJ erred in assessing the claimant's credibility surrounding his symptoms; (3) whether the ALJ erred in assessing the claimant's RFC; and (4) whether the vocational expert's testimony was based on complete and accurate hypothetical questions.
 
 
 5
 This court concludes that substantial evidence does not support the ALJ's conclusions regarding Bruns's alleged mental impairment. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). A two-part procedure is followed when determining whether a disability exists due to a mental disorder. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00A. An alleged mental impairment must be established by medical evidence consisting of clinical signs and symptoms, along with laboratory findings or psychological test findings. 20 C.F.R. § 12.00B; Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir.1990). Due to the nature of mental impairments, the Secretary is required to follow a special procedure to rate the degree of functional loss imposed by a mental impairment based upon the evidence and conclusions supported by it. 20 C.F.R. § 404.1520a.
 
 
 6
 The ALJ recognized that, in 1988, Drs. Cornette and Baker diagnosed major depression and determined that Bruns was disabled due to his mental impairment. The ALJ then rejected the opinion of Drs. Cornette and Baker in favor of Dr. Forman's observation in 1993, that Bruns no longer revealed symptoms of major depression. However, the ALJ provided no basis for rejecting Dr. Forman's opinion that the claimant still could not maintain his attention or concentration in a work environment. See Hurst v. Secretary of Health and Human Servs., 753 F.2d 517, 519 (6th Cir.1985). Moreover, it was a questionable practice for the ALJ to determine that Bruns did not suffer from a mental disability merely because he may have exercised poor judgment in seeking treatment. Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir.1989) (per curiam).
 
 
 7
 The ALJ's errors were not harmless. When the claimant's attorney finally presented the VE with a hypothetical that incorporated Dr. Forman's assessment of the Bruns's concentration level, the VE indicated that this limitation would be "preclusive of even unskilled work activity." Therefore, the ALJ should have considered this mental condition, in combination with Bruns's other impairments that the ALJ assumed to be severe. 42 U.S.C. § 423(d)(2)(B); Lankford v. Sullivan, 942 F.2d 301, 306 (6th Cir.1991) (per curiam).
 
 
 8
 Accordingly, we hereby vacate the district court's judgment and direct the district court to remand this case to an ALJ for further consideration of the medical evidence surrounding the claimant's alleged mental impairment.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation